U.S. COURTS

97 APR 28 PM 3: 11

CAMERON S. BURKE
CLERK                IDAHO

Philip H. Gordon
GORDON LAW OFFICES
1602 W. Franklin St.
Boise, ID 83702
(208) 345-7100

Steve W. Berman
HAGENS & BERMAN
1301 Fifth Avenue, Suite 2929
Seattle, WA 98101
(206) 623-7292

Attorneys for Plaintiff

[Names and Addresses of Additional
Counsel on Signature Page]

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

**ORIGINAL**

| | |
|---|---|
| JAMES G. ROSE, by and through Laree Lovan, his natural mother and guardian ad litem, and on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>ALBERTSON'S, INC., a Delaware corporation,<br><br>                    Defendant. | CIV 97 - 0 1 8 3 - S - MHW<br><br>CIV. NO.<br><br>COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT |

Plaintiff, for his class action complaint, based upon his personal knowledge as to his own acts, and based upon the investigation of counsel as to all other matters, allege as follows:

## I.   NATURE OF THIS ACTION

1. This case is a collective action arising under the Fair Labor Standards Act of 1938 (the "Act"), which has as its principal purposes the protection of all workers from oppressive working hours and labor conditions that are detrimental to the health, the efficiency and general well-being of workers, and the assurance that employees covered by the Act receive a "fair day's pay for a fair day's work." Barrantine v. Arkansas Best Freight System, Inc., 450 U.S. 728, 739 (1981) [quoting 81 Cong. Rec. 4983 (1937) (message of President Roosevelt)].

2. Plaintiff and members of the proposed class are current and former non-union employees of Defendant Albertson's, Inc. ("Albertson's"), in the states of Idaho, Arizona, Arkansas, California, Florida, Kansas Louisiana, Montana, Nebraska, Nevada, New Mexico, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, and Wyoming who have been injured by Defendant's plan and practice of failing to pay contractual, minimum, and overtime wages for time worked "off the clock;" *i.e.*, time worked before or after an employee's scheduled work shift or on an employee's "day off."

3. In this action, plaintiff and members of the proposed class seek injunctive relief requiring defendants to compensate for "off the clock" time worked and seek damages for past compensation due and owing.

## II.   JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 217 and 28 U.S.C. § 1331.

5. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) since commission of the acts comprising the violations complained of occurred in this district.

### III. THE PARTIES

6. Plaintiff James G. Rose is a resident of Idaho and was employed by Albertson's as a non-union worker in Idaho within the applicable period of limitations prior to the commencement of this action. Mr. Rose was an employee as that term is used in the act.

7. Defendant Albertson's is a corporation organized under the laws of the State of Delaware with its headquarters in Boise, Idaho. Albertson's does business in 19 Western, Midwestern and Southern states, including, in addition to Idaho, Arizona, Arkansas, California, Florida, Kansas Louisiana, Montana, Nebraska, Nevada, New Mexico, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, and Wyoming. It operates 764 stores, including 646 combination food-drug stores, 78 supermarkets, and 40 warehouse stores in addition to 12 distribution centers. Albertson's employs approximately 85,000 people, of whom only 31,000 are subject to collective bargaining agreements. Albertson's is an employer as that term is used in the Act.

### IV. FACTUAL ALLEGATIONS

**A. THE FAIR LABOR STANDARDS ACT**

8. The Fair Labor Standards Act (the "Act") sets minimum wage and maximum hour standards for all employers. 29 U.S.C. §§ 201, 206, 207, 213. The Act requires employers to pay their employees (1) minimum wages for hours worked and (2) overtime at time and one-half of the regular rate of pay for each hour worked in excess of 40 hours in any workweek. 29 U.S.C. § 207(a)(1).

B.  **Defendant's Illegal Conduct**

9. Albertson's has individual employment contracts with its employees which are based on uniform, company-wide employment policies. The terms of those policies are included in the individual employment contracts between Albertson's and its employees. Pursuant to those company-wide contracts and policies, including the company's written "Time-Clock Policy," employees are to receive hourly wages for time worked. Employees must also receive additional wages for overtime work, defined as all time worked in excess of 40 hours during any workweek. In essence, employees must be paid for all work which Albertson's allows to be performed for its benefit, and at a premium for any overtime.

10. Albertson's actual employment practices, however, breach those basic employment policies and contracts. Pursuant to Defendant's decision and plan to breach those policies and contracts, employees are regularly forced to work "off the clock" by not recording time they work before or after scheduled work shifts, during their lunch hours and scheduled breaks, or during their "days off." Albertson's carries out its plan of forcing employees to work "off the clock" hours on employees through, *inter alia*, work assignments which can not be accomplished in the times allotted for those tasks and which require many additional hours to finish. Time allotments for work assignments are made pursuant to Albertson's company wide scheduling system. Employees who fail to complete their work assignments within the unrealistic times allotted are threatened with a variety of disincentives to record the actual time taken to complete their tasks, including a reduction in scheduled work hours, reduction and elimination of bonus income, demotion, and termination. Albertson's also often requires employees to work before or after they have clocked off of work without recording such

additional periods. In addition, Albertson's carries out its plan by concealing its actual employment practices. Employees are forced to periodically certify that they have not worked off the clock in order to receive their compensation and avoid the foregoing sanctions. As a result of such practices, disincentives, and threats, Albertson's fails to pay wages for all such "off the clock" work and fails to account for such hours in computing overtime due to its employees.

11. Albertson's has consistently and routinely failed to pay wages to non-union employees, including the individual plaintiff and all similarly situated employees, for activities they are required to be compensated for, by individual contract and by law.

12. Albertson's management knows that employees often perform "off the clock" work for the benefit of the company without the benefit of lawful payment and have fostered the company's illegal course of conduct, by using the company's written policies as a smoke-screen for a variety of unlawful employment practices including, *inter alia*, creating and/or endorsing erroneous time reports, giving more work to employees than they can finish in the hours assigned for such work, discouraging employees from taking rest breaks, requiring employees to work during portions of their lunch time and scheduled breaks, discouraging employees from submitting claims for compensation for work performed "off the clock," and subjecting employees who submit such claims to reprisal and threat of reprisal.

13. Albertson's failed to keep correct employment records of the true hours worked by non-union employees during each day and week of employment.

14. In failing to pay the wages due to its non-union employees for times actually worked, as alleged above, Albertson's acted pursuant to a plan to deprive plaintiff and the

proposed class of such wages and irreparably harmed its non-union employees, including the individual plaintiff and other similarly situated non-union employees, harm for which no adequate remedy at law exists.

## V. COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff seeks to bring this case as a collective and class action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all others similarly situated as members of a proposed plaintiff class ("the class") defined as follows:

> All of Albertson's non-union employees working for Albertson's in the states of Idaho, Arizona, Arkansas, California, Florida, Kansas Louisiana, Montana, Nebraska, Nevada, New Mexico, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, and Wyoming at any time within the applicable period of limitations.

16. Excluded from the class is Defendant, any entity in which it has a controlling interest, and its legal representatives, heirs, and successors.

17. The members of the class, being geographically dispersed throughout 19 states in the western, midwestern, and southern United States and numbering in the tens of thousands, are so numerous that joinder of all of them is impracticable.

18. Plaintiff is similarly situated to the members of the proposed class. Plaintiff and members of the class are and were employed pursuant to uniform contracts which were breached by Defendant's plan and employment practices.

## COUNT I

19. Plaintiff realleges and incorporates by reference each of the preceding allegations as if fully set forth herein.

20. This Count is asserted on behalf of Plaintiff and members of the class who were not compensated for all "off the clock" work time during the three year period preceding the filing of this amended class action complaint.

21. Defendants, by their willful failure to compensate plaintiff and members of the class for all "off the clock" work time, violated 29 U.S.C. §§ 201, 206, 207, and 213.

## COUNT II

22. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

23. This Count is asserted on behalf of plaintiff and members of the class who have not been compensated for all "off the clock" work time during the two-year period preceding the filing of this amended class action complaint.

24. Defendants' failure to compensate for all "off the clock" work time violates the Fair Labor Standards Act, 29 U.S.C. §§ 201, 206, 207, and 213.

### VI.   JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

WHEREFORE, plaintiff demands judgment as follows:

A. Determining that this action is a proper collective action pursuant to 29 U.S.C. § 216(b);

B. Awarding, under Count I, back pay, liquidated damages and other statutory damages for willful violation of the Fair Labor Standards Act;

C. Awarding under Count II back pay, liquidated damages and statutory damages for violation of the Fair Labor Standards Act;

D. Enjoining defendants from continuing to not compensate for "off the clock" time;

E. Awarding to plaintiff the costs and disbursements of this action, including attorneys' fees and costs; and

F. Granting such other relief as this Court may deem as just and proper.

DATED this 28th day of April, 1997.

GORDON LAW OFFICES

By _____
Philip H. Gordon
1602 W. Franklin St.
Boise, ID 83702
(208) 345-7100

HAGENS & BERMAN

By _____
Steve W. Berman
Clyde A. Platt
1301 Fifth Avenue, Suite 2929
Seattle, WA 98101
(206) 623-7292

Attorneys for Plaintiff

## CONSENT TO BE A PARTY PLAINTIFF

I, _____, hereby consent to be a party plaintiff in an action brought against Albertson's, Inc. to recover amounts owing to me and other employees similarly situated under the Fair Labor Standards Act.

DATED: _____, 1997.

_____
Signature

_____
Printed Name

COMPLAINT FOR VIOLATION OF FAIR           - 9 -
LABOR STANDARDS ACT

1197.01 0004 BSC.DOC