Philip H. Gordon
GORDON LAW OFFICES
1602 W. Franklin St.
Boise, ID 83702
(208) 345-7100

Steve W. Berman
HAGENS & BERMAN
1301 Fifth Avenue, Suite 2929
Seattle, WA 98101
(206) 623-7292

Attorneys for Plaintiff

Honorable B. Lynn Winmill

U.S. COURTS
98 FEB -6 PM 3:57
REC'D_____FILED_____
CAMERON S. BURKE
CLERK           IDAHO

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| LORI BARTON, on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ALBERTSON'S, INC.,<br><br>    Defendant. | Case No. CV 97-183-S-BLW |
| JAMES G. ROSE, by and through Laree Lovan, his natural mother and guardian ad litem, and on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ALBERTSON'S, INC.,<br><br>    Defendant. | Case No. CV 97-183-S-BLW<br><br>MEMORANDUM IN SUPPORT OF PROPOSED ORDER REGARDING THE DUTIES OF LEAD COUNSEL |

MEMORANDUM IN SUPPORT OF PROPOSED ORDER REGARDING THE DUTIES
OF LEAD COUNSEL - 1
1197.01 0016 BSC.DOC

ORIGINAL

Previously the Court, after briefing and argument, appointed two law firms[1] to act as lead counsel for the proposed class. The Court ordered the two firms to meet and submit a proposed order setting forth the duties of lead counsel.

After an exchange of proposals and several meetings, the Webster and Berman firms have made progress but have reached an impasse as to the duties of lead counsel.

The impasse arises out of the insistence by the Webster firm that it be the "chief spokesperson" on all matters. The Berman firm submits that it cannot, consistent with its obligations to the class, abdicate its responsibilities by blindly agreeing that the Webster firm should act as chief spokesperson. This is particularly true given the allegations and evidence submitted regarding possible conflicts.

As has been done in dozens of cases where Hagens & Berman has been lead counsel, the order appointing lead counsel provides lead counsel with all duties. Counsel then work together in a truly coordinated fashion. We have never had a problem in this regard. For example, in the <u>Morrison Knudsen Securities Litigation</u> before Judge Lodge, three firms were appointed lead counsel and no one firm was designated as "chief spokesperson".

We assume that the Court wanted the Berman firm to serve as co-lead and to do so in true leadership fashion that did not require a subordinate role to the Webster firm.

A proposed order is submitted with this memorandum.[2]

---

[1] Webster, Mrak & Blumberg (the Webster firm) and Hagens & Berman (the Berman firm)
[2] We have not and will not criticize the Webster firm and have avoided the name-calling engaged in by that firm. Rather, we believe it is in the class interests for us to work together. Our ability to work with other firms is one of reasons we have been appointed to represent thirteen states in the tobacco litigation.

MEMORANDUM IN SUPPORT OF PROPOSED ORDER REGARDING THE DUTIES OF LEAD COUNSEL - 2

1197.01 0016 BSC.DOC

RESPECTFULLY SUBMITTED this 6th day of February, 1998.

GORDON LAW OFFICES

By _____
Philip H. Gordon
1602 W. Franklin Street
Boise, ID 83702
(208) 345-7100

Steve W. Berman
HAGENS & BERMAN, P.S.
1301 Fifth Avenue, Suite 2929
Seattle, WA 98101
(206) 623-7292

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I served true and correct copies of the foregoing MEMORANDUM IN SUPPORT OF PROPOSED ORDER REGARDING THE DUTIES OF LEAD COUNSEL on the following.

Dated: February 6th, 1998.

Alan C. Herzfeld, Esq. & Scott McKay, Esq.
NEVIN HERZFELD & BENJAMINE
303 W. Bannock
Boise, Idaho
via hand delivery

James H. Webster, Esq & Richard P. Blumberg, Esq.
WEBSTER MRAK & BLUMBERG
600 Puget Sound Plaza
1325 4th Ave.
Seattle, WA 98101
via first class postage

By _____
Philip H. Gordon

MEMORANDUM IN SUPPORT OF PROPOSED ORDER REGARDING THE DUTIES
OF LEAD COUNSEL - 3
1197.01 0016 BSC.DOC